# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GREGORY L. BURDESS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:17-CV-01515 JAR |
| COTTRELL, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cottrell, Inc.'s Motion to Dismiss Complaint under Rule 12(b)(6) (Doc. No. 5). The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be denied.

**Background**

Plaintiff Gregory Burdess was at all relevant times employed as a car hauler by Jack Cooper Transport Company ("JCT"), a registered motor carrier that regularly transports materials and makes deliveries in Missouri. (Complaint ("Compl."), Doc. No. 1 ¶¶ 1, 4) Defendant Cottrell, Inc. ("Cottrell") is a Georgia corporation with its principal place of business in Georgia. (Compl. ¶ 2) The rigs in the JCT motor carrier fleet, including the rig at issue here, are manufactured, designed and placed into the stream of commerce by sale or otherwise by Cottrell. (Compl. ¶ 3) Burdess alleges that "on or about April 26, 2013 and prior thereto," he was operating a rig manufactured by Cottrell when he was injured "while securing automobiles, during the operation of the ratchet tie down systems he had been using." (Compl. ¶ 4) He further

---

[1] Cottrell was granted leave to supplement its motion briefing with the June 22, 2017 summary judgment order in McCue v. Cottrell, No. 4:16-CV-01178 (W.D. Mo. 2017). (Doc. Nos. 8, 12, 13)

alleges that the injury date – April 26, 2013 – is "the date of diagnosis of bilateral shoulder impingement syndrome," a condition caused by specific and repetitive trauma. (Id.) Burdess and his wife Lisa Burdess (hereinafter "Plaintiffs") filed this action against Cottrell on May 16, 2017 asserting five causes of action: strict liability (Count I); negligence (Count II); breach of implied warranty (Count III); loss of consortium (Count IV); and punitive damages (Count V).

Cottrell moves to dismiss Plaintiffs' complaint on the grounds that their claims "originated" in Illinois on April 26, 2013, and are thus barred by the Illinois statute of limitations for personal injury claims under Missouri's borrowing statute, Mo. Rev. Stat. § 516.190. Plaintiffs oppose the motion, arguing that Missouri's borrowing statute does not apply because their cause of action originated and accrued in Missouri.

**Discussion**

When Missouri is the forum state, it considers statute of limitations issues to be procedural and thus governed by Missouri law. Hollingsworth v. United Airlines, Inc., No. 4:16 CV 2139 DDN, 2017 WL 564491, at *2 (E.D. Mo. Feb. 13, 2017) (citing Wright v. Campbell, 277 S.W.3d 771, 773 (Mo. Ct. App. 2009)). Under Missouri law, the statute of limitations in a personal injury action is five years. Mo. Rev. Stat. § 516.120(4). However, Missouri recognizes a statutory exception to the application of its own statutes of limitations, in the form of a borrowing statute:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country *in which it originated*, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

Mo. Rev. Stat. § 516.190 (emphasis added). As applied by Missouri courts, the Missouri borrowing statute "provides for application of a foreign statute of limitations when [1] the alleged action originated in the foreign jurisdiction and [2] the foreign statute of limitations

2

would bar the action." Hollingsworth, 2017 WL 564491, at *2 (quoting Harris–Laboy v. Blessing Hosp., Inc., 972 S.W.2d 522, 524 (Mo. Ct. App. 1998)).

The Supreme Court of Missouri has interpreted the term "originated" to mean "accrued." Id. (citing Thompson by Thompson v. Crawford, 833 S.W.2d 868, 871 (Mo. banc 1992) (citing Mo. Rev. Stat. § 516.100)). A cause of action accrues not "when the wrong is done . . . but when the damage resulting therefrom is sustained and is capable of ascertainment[.]" Levitt v. Merck Sharp & Dohme Corp., 250 F. Supp. 3d 383, 385–86 (W.D. Mo. 2017). Thus, Burdess' personal injury claim accrued when his "injuries were sustained and capable of ascertainment." Hollingsworth, 2017 WL 564491, at *2 (quoting Benton v. Cracker Barrel Old Country Stores, Inc., 436 S.W.3d 632, 634 (Mo. Ct. App. 2014)).

Cottrell takes the position that Plaintiffs' claim "originated" in Illinois because that is when and where his injuries were "sustained and capable of ascertainment." (Doc. No. 5 at 8-9) In support of its motion, Cottrell submits Plaintiff's deposition testimony from his 2016 workers compensation claim for the injuries he sustained in this case. (Deposition of Gregory L. Burdess ("Burdess depo."), Doc. No. 5-3) Plaintiff testified that he first noticed his injury – numbness in both arms – on April 26, 2013 in a motel room in McLean, Illinois. (Id. at 35:15-36:20)

Plaintiffs respond that where, as here, a claim is based on a physical ailment, it is "sustained and capable of ascertainment at the latest" when (i) it is diagnosed, and (ii) a theory as to its cause is ascertainable, citing Buttice v. GD Searle & Co., 938 F. Supp. 561, 566-67 (E.D. Mo. 1996) (citing Lockett v. Owens-Corning Fiberglas, 808 S.W.2d 902, 907 (Mo. Ct. App. 1991)). (Doc. No. 10 at 5) Plaintiffs assert that Burdess was unaware that the numbness in his arms was attributable to the repetitive use of a Cottrell rig until he sought medical treatment and was diagnosed with bilateral shoulder impingement syndrome – in Missouri. (Id. at 8) Further,

3

unlike in McCue, where the plaintiff was injured by a sudden and traumatic event in Indiana and treated in Indiana, Burdess' injuries are alleged to have been sustained as a result of repetitive trauma over a period of time. Burdess was treated in Missouri and diagnosed in Missouri. (Id. at 9-10)

In reply, Cottrell argues that it is "the discovery of damage" rather than discovery of an alleged causal determination that is controlling on where the claim "originated." (Doc. No. 11 at 3-6)

In ruling on a motion to dismiss, the Court must assume all facts alleged in the complaint are true, and liberally construe the complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008)). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). When considering a Rule 12(b)(6) motion based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred. Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011). In this case, based on the factual allegations of Plaintiffs' complaint, it is not at all clear that Plaintiffs' claims are barred by Illinois's two-year statute of limitations for personal injury claims under Missouri's borrowing statute. The Court will, therefore, deny Cottrell's motion to dismiss and allow the parties to further develop the record.

The Court notes the parties have submitted a number of exhibits in conjunction with their briefing on the instant motion, including court documents, industry reports, an affidavit from Burdess; and his workers compensation claim. The Court declines to convert Cottrell's motion to dismiss into a motion for summary judgment. See Nixon v. Coeur D'Alene Tribe, 164 F.3d

4

1102, 1107 (8th Cir. 1999) ("In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion."); see also Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013). "[E]ven where matters outside of the pleadings are presented to the court, a motion to dismiss is not converted into a motion for summary judgment where the district court's order makes clear that the judge ruled only on the motion to dismiss." O'Neill v. Jesco Imps., Inc., No. 06-3017, 2006 WL 2623220 (W.D. Mo. Sept. 12, 2006) (quoting Int'l Motor Contest Ass'n. Inc. v. Staley, 434 F. Supp.2d 650 (N.D. Iowa 2006)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell, Inc.'s Motion to Dismiss Complaint under Rule 12(b)(6) [5] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate Order.

Dated this 30th day of March, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**