# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY L. BURDESS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-01515 JAR |
| | ) | |
| COTTRELL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cottrell, Inc.'s ("Cottrell") Motion for Summary Judgment.[1] (Docs. 5, 18, 19.) The motion is fully briefed and ready for disposition.[2] For the following reasons, the motion will be denied.

**Background**

Plaintiff Gregory Burdess was at all relevant times employed as a car hauler by Jack Cooper Transport Company ("JCT"), a registered motor carrier that regularly transports materials and makes deliveries in Missouri. (Doc. 1.) Cottrell is a Georgia corporation with its principal place of business in Georgia. (*Id.*) The rigs in the JCT motor carrier fleet, including the rig at issue here, were manufactured, designed, and placed into the stream of commerce by sale or otherwise by Cottrell. (*Id.*) Plaintiffs allege that "on or about April 26, 2013 and prior thereto," Burdess was operating a rig manufactured by Cottrell when he was injured "while securing automobiles, during the operation of the ratchet tie down systems he had been using."

---

[1] The parties represented that additional discovery was not necessary and agreed that the Court should convert Cottrell's Motion to Dismiss to a Motion for Summary Judgment.
[2] Cottrell was granted leave to supplement its motion briefing with the June 22, 2017 summary judgment order in *McCue v. Cottrell*, No. 4:16-CV-01178 (W.D. Mo. 2017). (Docs. 8, 12, 13.)

(*Id.*)  He was ultimately diagnosed with bilateral shoulder impingement syndrome," a condition caused by specific and repetitive trauma.  (*Id.*)  Burdess and his wife Lisa filed this action against Cottrell on May 16, 2017, asserting five causes of action:  strict liability (Count I); negligence (Count II); breach of implied warranty (Count III); loss of consortium (Count IV); and punitive damages (Count V).

Cottrell moves for summary judgment on the ground that Plaintiffs' claims "originated" in Illinois on April 26, 2013, and are thus barred by the Illinois statute of limitations for personal injury claims as applied under Missouri's borrowing statute, Mo. Rev. Stat. § 516.190.  (Doc. 5.)  Plaintiffs oppose the motion, arguing that Missouri's borrowing statute does not apply because their cause of action originated and accrued in Missouri.  (Doc. 10.)

**Legal Standards**

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law."  *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); *see* Fed. R. Civ. P. 56(c).  In determining whether summary judgment is appropriate in a particular case, the Court reviews the facts in a light most favorable to the party opposing the motion and gives that party the benefit of any inferences that logically can be drawn from those facts.  The Court is required to resolve all conflicts of evidence in favor of the nonmoving party.  *Osborn v. E.F. Hutton & Co., Inc.*, 853 F.2d 616, 619 (8th Cir. 1988).  In considering a motion for summary judgment, the Court may not make credibility determinations, weigh the evidence, or draw inferences from the facts.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

**Discussion**

There is no genuine issue of material fact in this case surrounding the time-bar issue. Both Plaintiffs and Cottrell identify April 26, 2013, as the date the statute of limitations began to run.[3] (Docs. 1, 5.) However, the parties dispute whether Plaintiffs' claims are governed by Missouri's five-year statute of limitations or Illinois's two-year deadline.

Federal courts apply the law of the forum state when ruling on statute of limitations issues. *Nettles v. American Tel. and Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995). As noted, under Missouri law, the statute of limitations in a personal injury action is five years. Mo. Rev. Stat. § 516.120(4). However, Missouri recognizes a statutory exception to its statute of limitations in the form of a borrowing statute:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country *in which it originated*, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

Mo. Rev. Stat. § 516.190 (emphasis added). As applied by Missouri courts, the borrowing statute "provides for application of a foreign statute of limitations when [1] the alleged action originated in the foreign jurisdiction and [2] the foreign statute of limitations would bar the action." *Hollingsworth*, 2017 WL 564491, at *2 (quoting *Harris-Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo. Ct. App. 1998)).

The Supreme Court of Missouri has interpreted the term "originated" to mean "accrued." *Id.* (citing *Thompson by Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo. banc 1992)); *see also* Mo. Rev. Stat. § 516.100. A cause of action accrues not "when the wrong is done . . . but

---

[3] As discussed more fully below, the Court finds that Burdess's claim did not accrue until he was diagnosed with bilateral shoulder impingement, sometime between April 26, 2013 and May 31, 2013. (*See id*. at 37.)

when the damage resulting therefrom is sustained and is capable of ascertainment[.]" *Levitt v. Merck Sharp & Dohme Corp.*, 250 F. Supp. 3d 383, 385-86 (W.D. Mo. 2017). Missouri courts have consistently held that "the statute of limitations begins to run when the 'evidence was such to place a reasonably prudent person on notice of a potentially actionable injury.'" *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 582 (Mo. 2006), *as modified on denial of reh'g* (Aug. 22, 2006) (quoting *Bus. Men's Assurance Co. of America v. Graham*, 984 S.W.2d 501, 507 (Mo. banc 1999)).

Cottrell takes the position that Plaintiffs' claim "originated" in Illinois, where his injuries were "sustained and capable of ascertainment." (Doc. 5 at 8-9.) In support of its motion, Cottrell submits Plaintiff's deposition testimony from his 2016 workers' compensation claim for the injuries he sustained in this case. (Doc. 5-3 ("Burdess depo.").) Plaintiff testified that he first noticed his injury on April 26, 2013, when he woke up at 3 a.m. in a motel room in McLean, Illinois and could not feel his arms. (*Id*. at 35:15-36:20.)

Plaintiffs respond that where, as here, a claim is based on a physical ailment, it is "sustained and capable of ascertainment at the latest" when (i) it is diagnosed, and (ii) a theory as to its cause is ascertainable, relying on *Buttice v. GD Searle & Co.*, 938 F. Supp. 561, 566-67 (E.D. Mo. 1996) (citing *Lockett v. Owens-Corning Fiberglas*, 808 S.W.2d 902, 907 (Mo. Ct. App. 1991)). (Doc. 10 at 5.) Plaintiffs argue that Burdess was unaware that the numbness in his arms was attributable to the repetitive use of a Cottrell rig until he sought medical treatment and was diagnosed with bilateral shoulder impingement syndrome—in Missouri. (*Id*. at 8.)

In reply, Cottrell argues that it is "the discovery of damage" rather than discovery of an alleged causal determination that is controlling on where the claim "originated." (Doc. 11 at 3-6.)

4

The parties have submitted a number of exhibits in conjunction with their briefing on the instant motion, including court documents, industry reports, an affidavit from Burdess, and his workers' compensation claim.

The Court first notes that "[t]he borrowing statute's primary purpose is to prevent a plaintiff from forum shopping for a more beneficial statute of limitations." *Hollingsworth v. United Airlines, Inc.*, No. 4:16 CV 2139 DDN, 2017 WL 564491, at *2 (E.D. Mo. Feb. 13, 2017) (quoting *Finnegan v. Squire Publishers, Inc.,* 765 S.W.2d 703, 705 (Mo. Ct. App. 1989)); *Patch v. Playboy Enterprises, Inc*., 652 F.2d 754, 758 (8th Cir. 1981) ("it is only by holding that [Plaintiff's] claim originated in Illinois that the anti-forum shopping purpose of the Missouri borrowing statute can be consistently applied"). This prevents plaintiffs from "gaining more time to bring an action merely by suing in a forum other than where the cause of action accrued." *Id.* (quoting *Finnigan*, 765 S.W. 2d at 705.

In light of the statute's primary purpose, the Court notes with some degree of suspicion that, only weeks before filing this suit in the Eastern District of Missouri, Plaintiffs filed suit in Illinois state court against Cottrell and others, alleging that Burdess was injured due to a design defect in a Cottrell rig. (*See* Doc. 5-2, *Burdess v. Cottrell, et al*., No. 16L189 (Ill. Cir. Ct. Apr. 4, 2016).) It is difficult to ignore the obvious procedural benefit that Plaintiffs enjoy by separating the claims and filing this suit in Missouri. However, the Court also notes that Plaintiffs' Illinois suit involves a different, traumatic, injury—a fall from the top level of a Cottrell rig—attributable to a different product defect—the failure to install guardrails or otherwise fall-proof the rig. (Doc. 5-2.) In this case, Burdess's injury was allegedly caused by repetitive motion inherent in operating the tie-down system on a Cottrell rig. (Doc. 1.) These differences in the injuries and their alleged causes offer a reasonable basis for filing separate suits.

In any event, the Court finds that Missouri's borrowing statute does not preclude Plaintiffs' claims because a reasonably prudent person waking up in the middle of the night with numbness in his arms would not conclude that the numbness was the result of an actionable injury. As Burdess testified in his worker's compensation case, it was the first time he had experienced numbness in his arms. (Doc. 5-3 at 36-37.) He had not recently experienced any slip, fall, or other trauma that might explain the sensation, and he testified that he had had no difficulties with his hands, wrists, arms, or shoulders before that night. (*Id.*) There was therefore no obvious cause for the numbness that would lead a prudent person to conclude that it was the result of a specific injury, let alone an injury for which another party could be held liable. Indeed, a reasonably prudent person would have no reason to conclude that the numbness was anything more than a temporary condition until a medical examination revealed that it was a bona fide injury caused by the repetitive action of operating a Cottrell rig. *See Elmore v. Owens-Illinois, Inc.,* 673 S.W.2d 434 (Mo. banc 1984) (holding that a plaintiff's claim did not accrue until he was diagnosed with asbestosis even though he had experienced shortness of breath for three years and knew from reading union publications that long-term breathing of asbestos dust can cause asbestosis). Plaintiffs' claims therefore accrued in Missouri.

The Court notes that formal diagnosis is not always the moment (or place) that damages are first ascertainable. In *State ex rel. Old Dominion Freight Line, Inc. v. Dally*, 369 S.W.3d 773, 775 (Mo. Ct. App. 2012), a Missouri man sued a trucking company for whiplash injuries caused by a collision with one of its drivers in Kansas. The Missouri Court of Appeals held that the plaintiff's damages were ascertainable immediately following the collision even though he did not experience pain, report the injury, or seek treatment until after he returned to Missouri hours later. *Id*. at 779-80. However, *Dally* is distinguishable from this case because a

6

reasonably prudent person involved in a motor vehicle collision that caused his head and neck to snap forward would be on notice immediately that he had potentially suffered an injury for which another party could be liable.  As discussed above, there was no obvious cause of the numbness in Burdess's arms that would lead a reasonably prudent person to believe that he had suffered an actionable injury.

**Conclusion**

The Court concludes that Plaintiffs' cause of action against Cottrell originated in Missouri.  Consequently, the Missouri borrowing statute is not implicated in this case and Missouri's five-year statute of limitations governs.  The Court finds that the statute of limitations began running sometime between April 26, 2013, and May 31, 2013.  Plaintiffs' May 6, 2017, complaint was therefore timely filed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell, Inc.'s Motion for Summary Judgment (Doc. 5), is **DENIED**.

Dated this 16th day of July, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**