UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY L. BURDESS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-01515 JAR |
| | ) |
| COTTRELL, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cottrell, Inc.'s ("Cottrell") Motion to Reconsider the Court's January 9, 2019, order denying Cottrell's earlier motion to reconsider, which dealt with the Court's denial of Cottrell's motion for summary judgment. (Doc. 33; *see also* Docs. 5, 20, 22, 29.) Plaintiffs responded in opposition with a request for sanctions (Doc. 34), and Cottrell has replied (Doc. 35).

### Background

This case concerns a repetitive-use injury sustained by Plaintiff Gregory Burdess, who was employed as a car hauler by Jack Cooper Transport Company ("JCT"). (Doc. 1.) The rigs in the JCT motor carrier fleet were manufactured, designed, and placed into the stream of commerce by sale or otherwise by Cottrell. (*Id.*) Plaintiffs allege that the injury was caused by Cottrell's defective design. (*Id.*)

On April 26, 2013, Burdess awoke at 3 a.m. in a motel room in McLean, Illinois and could not feel his arms. (Doc. 5-3 at 35:15-36:20 (hereinafter "Burdess depo.").) Burdess spent two hours in bed, "trying to roll around and trying to move [his] hands to get the feeling back in [his] hands so he could get out of bed to call [JCT] to tell them." (*Id.* at 35:17-21.) Later that

1

day, Burdess was seen by a doctor in Missouri and was diagnosed with bilateral shoulder impingement syndrome. (Doc. 1.) Burdess and his wife filed suit approximately four years later. (*Id.*)

Cottrell moved for summary judgment, arguing that the claims were time-barred. (Doc. 5.[1]) It argued that the action originated in Illinois and that therefore Plaintiffs are subject to Illinois's two-year statute of limitations, rather than Missouri's five-year time limit. (*Id.*) On March 30, 2019, the Court denied Cottrell's motion for summary judgment, finding that Burdess's injury was not "capable of ascertainment" until he was examined by his Missouri doctor. (Doc. 14.)

Cottrell then sought reconsideration of that denial, arguing that the Court's interpretation of the Missouri borrowing statute amounts to a "manifest error of law." (Doc. 22 at 1.) On January 9, 2019, the Court denied Cottrell's motion for reconsideration. (Doc. 29.) In its order denying reconsideration, the Court wrote, "The Court agrees with Cottrell that the Missouri Supreme Court's 2006 holding in *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006), is the appropriate touchstone for applying Missouri's borrowing statute." (*Id.* at 3.) Noting that *Powel* offered two possible interpretations of the borrowing statute, the Court wrote:

> It appears to the Court that the different interpretations largely arise from a pair of inconsistent passages from *Powel*. The first, applied by the Court in its order denying summary judgment, states:
>
>> Although this Court has not previously clearly articulated a specific, generally applicable test to be used in making this determination, a consistent approach is evident upon careful review of this Court's decisions from the last 40 years: the statute

---

[1] Cottrell initially filed a Motion to Dismiss, which the Court denied. (Docs. 5, 14.) Following conference with counsel, the parties agreed that no additional discovery regarding the choice-of-law and statute-of-limitations issues was necessary and asked the Court to convert Cottrell's motion to dismiss to a motion for summary judgment. (*See* Doc. 20 at n.1.)

2

of limitations begins to run when the *"evidence was such to place a reasonably prudent person on notice of a potentially actionable injury."* At that point, damages would be sustained and capable of ascertainment as an objective matter[.]

*Powel*, 197 S.W.3d at 582 (emphasis added) (quoting *Bus. Men's*, 984 S.W.2d at 507). The second, considered by Cottrell to be determinative, states:

In sum, under the above cases the capable of ascertainment test is an objective one. The issue is not when the injury occurred, or when plaintiff subjectively learned of the wrongful conduct and that it caused his or her injury, but when a reasonable person would have been *put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages.* At that point, the damages would be sustained and capable of ascertainment as an objective matter.

*Id.* at 584. The passages are not contradictory, but each includes something the other does not: in the first, there is no mention of undertaking to ascertain the extent of damages; in the second, there is no mention of the injury being potentially actionable. Thus, it is important to determine which encompasses the applicable law.

(*Id.* at 4.) The Court went on to determine that the interpretation supported by the first passage controlled and denied Cottrell's motion for reconsideration. (*Id.* at 8.)

Cottrell now argues that the Missouri Supreme Court's recent opinion in *State ex rel. Halsey v. Phillips*, 576 S.W.3d 177 (Mo. 2019), clarifies that courts must apply the interpretation supported by the second passage. (Doc. 33.) On that basis, Cottrell suggests that the Court's reliance on the first passage was a manifest error of law and argues that, if the Court applies the second passage, Cottrell is entitled to judgment as a matter of law. (*Id.*)

I. **Motion for Reconsideration**

*Legal Standard*

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting

3

'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Bracht v. Grushewshy*, No. 4:04CV1286 HEA, 2007 WL 43847, at *1 (E.D. Mo. Jan. 4, 2007) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

### *Discussion*

As an initial matter, the Court notes that the Missouri Supreme Court's opinion in *Halsey* does not expressly address the inconsistent *Powel* passages highlighted by this Court's order or otherwise explain its application of the *Powel* standard. 576 S.W.3d at 180. Instead, Cottrell's argument is based on the fact that the *Halsey* Court's only reference to *Powel* is to quote the second passage. *Id.* at 180, 182. Accordingly, the Court is not convinced that *Halsey* is as compelling as Cottrell asserts. Nevertheless, the Court concludes that Cottrell's motion for summary judgment fails even under the standard in the second passage.

As noted in the Court's prior order, the second *Powel* passage differs from the first in that it makes "no mention of the injury being potentially actionable." (Doc. 29 at 4 (citing *Powel*, 197 S.W.3d at 584).) Without the "potentially actionable" element, the question is "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Powel*, 197 S.W.3d at 584. The Court interprets that passage to present three elements, all based on when a reasonable person would have: (1) been put on notice that an injury may have occurred; (2) been put on notice that substantial damages may have occurred; and (3) undertaken to ascertain the extent of the damages. Cottrell must show that all three elements are met.

4

### a. Notice that an injury may have occurred

In its order denying summary judgment, the Court concluded that "a reasonably prudent person waking up in the middle of the night with numbness in his arms would not conclude that the numbness was the result of an ***actionable*** injury." (Doc. 20 at 6 (emphasis added).) Actionability is not part of the second *Powel* passage; all that is required is that a reasonable person would have been put on notice that an injury occurred. 197 S.W.3d at 584. Nevertheless, the Court believes that the evidence before Burdess at the time he awoke was not enough for a reasonably prudent person to have concluded that he had suffered any injury at all:

> [I]t was the first time [Burdess] had experienced numbness in his arms, . . . [h]e had not recently experienced any slip, fall, or other trauma that might explain the sensation, and he testified that he had had no difficulties with his hands, wrists, arms, or shoulders before that night. There was therefore no obvious cause for the numbness that would lead a prudent person to conclude that it was the result of a specific injury.

(Doc. 20 at 6.)

### b. Notice that substantial damages may have occurred

The Court also believes that the evidence before Burdess would not have led a reasonably prudent person to conclude that he may have suffered "substantial damages." Even if a reasonable person in Burdess's place would have concluded that they had been injured, "a reasonably prudent person would have ***no reason to conclude that the numbness was anything more than a temporary condition*** until a medical examination revealed that it was a bona fide injury caused by the repetitive action of operating a Cottrell rig." (Doc. 20 at 6 (emphasis added).)

### c. Undertaken to ascertain the extent of the damages

The third element contained in the second *Powel* passage—the only requirement not included in the first—is that a reasonably prudent person would have undertaken to ascertain the

5

extent of the damages. 197 S.W.3d at 584. Cottrell argued that Burdess undertook to ascertain the extent of his damages when he called JCT from his Illinois hotel room to report the numbness. Burdess responded that the appropriate point in time is when he met his physician in Missouri.

The Court concludes that it need not determine this element because it has already determined that a reasonable person in Burdess's position would not have been on notice of the injury or damages. Because Cottrell cannot show either of the first two requirements, the claim could not have accrued in Illinois, even if the outgoing Illinois call to JCT may have satisfied the third requirement. Consequently, the three elements of the second *Powel* passage were not all present until Burdess's "Missouri doctor informed him that the numbness was not a temporary anomaly but was in fact bilateral shoulder impingement syndrome caused by repetitive motion;" only then would a reasonable person be on notices that he had suffered an injury and substantial damages. (Doc. 20 at 8.)

### *Conclusion*

Accordingly, the Court concludes that Burdess's claim accrued in Missouri even under the standard described in the second *Powel* passage. Thus, Missouri's five-year statute of limitations governs, and Plaintiffs' May 6, 2017, complaint was therefore timely filed. The Court concludes that its ruling was not the result of "manifest errors of law or fact." Fed. R. Civ. P. 59.

### II. Requests for Sanctions

In their response to Cottrell's motion for reconsideration, Plaintiffs request sanctions against Cottrell's counsel under 28 U.S.C. § 1927 for "needlessly increas[ing] the cost of litigation to Plaintiffs, Plaintiffs' counsel, and the taxpayers who fund our federal courts" by filing this motion. (Doc. 34 at 9.) They argue that Cottrell's second motion for reconsideration

5

amounts to "a third motion to dismiss based on a theory which had been twice rejected," and seek attorney fees. (*Id.*)

The Court believes that Plaintiffs' request for sanctions is unreasonable under these circumstances. Cottrell's motion is based on a recent application of the relevant standard by the Missouri Supreme Court that arguably undermined the reasoning in the Court's prior order. Seeking reconsideration in light of that development is neither unreasonable nor vexatious. *See* 28 U.S.C. § 1927. The Court will therefore deny Plaintiffs' request for sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell's Motion to Reconsider (Doc. 33), is **DENIED**.

**IT IS FURTHER ORDERED** that that Plaintiffs' request for sanctions (Doc. 34 at 8), is **DENIED**.

Dated this 27th day of March, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7