UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY BURDESS & LISA BURDESS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-01515-JAR |
| ) | |
| COTTRELL, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cottrell, Inc.'s ("Cottrell") Motion for Bill of Costs. (Doc. 117). Plaintiffs have filed objections (Doc. 122), and Cottrell has replied. (Doc. 123). For the reasons discussed below, the motion will be granted in part and denied in part.

**I. BACKGROUND**

Cottrell manufactures and sells trailers for hauling cars. Plaintiff Gregory Burdess ("Burdess") used Cottrell trailers in his capacity as a car hauler for Jack Cooper Transport Company. Burdess was eventually diagnosed with bilateral shoulder impingement syndrome, a condition sometimes caused by specific and repetitive trauma. Plaintiffs alleged that Cottrell was responsible for Burdess' injuries due to defects in its trailers. (Doc. 1). On April 8, 2021, this Court granted summary judgment in favor of Cottrell because Plaintiffs' claims are time-barred under Illinois law as applied pursuant to Missouri's borrowing statute, Mo. Rev. Stat. § 516.190. (Doc. 115). Plaintiffs have appealed this decision to the Eighth Circuit Court of Appeals. (Doc. 118). As the prevailing party in this Court, Cottrell seeks $9,041.75 in costs per Fed. R. Civ. P. 54(d).

1

## II. LEGAL STANDARD

District courts may award costs to a prevailing party pursuant to Fed. R. Civ. P. 54(d), but such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). Under 28 U.S.C. § 1920(2), a district court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." If the opposing party objects, this Court may exercise its discretion to grant, deny, or modify the costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). District courts have "substantial discretion" in awarding costs under Rule 54(d). *Smith*, 436 F.3d at 889 (citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)). While Rule 54(d) is permissive, there is a presumption in the Eighth Circuit that the prevailing party is entitled to an award of costs. *See Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

## III. ANALYSIS

As the prevailing party, Cottrell seeks $9,041.75 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(2). This Court will consider each of Plaintiffs' objections to Cottrell's Bill of Costs.

<u>Cottrell's Lack of Compliance with Case Management Order</u>

Plaintiffs argue that this Court should exercise its discretion and refuse to tax costs in Cottrell's favor "[b]ecause Cottrell repeatedly violated the Court's scheduling orders resulting in additional costs." (Doc. 122 at 1). This Court previously recognized that a discovery motion by Plaintiffs "raise[d] serious issues regarding [Cottrell's] compliance with this Court's Case Management Order." (Doc. 59 at 1). The Court concluded, however, that "the alleged harm suffered by Plaintiffs can be substantially mitigated through mutually agreed upon scheduling

2

adjustments" and accordingly denied Plaintiffs' discovery motion without prejudice. (*Id.*). Plaintiffs have failed to demonstrate how this prior discovery issue increased the costs Cottrell now seeks to impose. Accordingly, the Court considers this issue of limited relevance when assessing Cottrell's Bill of Costs.

<u>Statutory Authorization</u>

As indicated above, costs may only be taxed pursuant to Rule 54(d) if statutorily authorized. Plaintiffs first contend that 28 U.S.C. § 1920(2) only permits "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in this case" (emphasis added), and therefore Cottrell cannot obtain fees for both printed and electronically recorded versions. Plaintiffs ignore clear Eighth Circuit precedent involving Cottrell, however, specifically holding that both printed and electronically recorded transcripts may necessarily be obtained for use in a given case. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) ("[W]e conclude that § 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case.").

Plaintiffs next argue that copying costs are not recoverable, but again neglect to cite the most applicable precedent. In *Stanley*, the Eighth Circuit affirmed the taxing of copying costs pursuant to 28 U.S.C. § 1920(4). Plaintiffs have not shown that Cottrell "obtained any of these copies for reasons other than trial preparation." *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995).

Plaintiffs further contend that only the transcripts of medical expert depositions were necessarily obtained for use in this case. This Court is quite familiar with the record and relied extensively on all deposition transcripts – particularly that of Burdess – in granting summary judgment in favor of Cottrell. The fact that Cottrell obtained judgment before trial was necessary

3

does not preclude taxing of costs for these depositions. Plaintiffs misinterpret applicable precedent by suggesting depositions must be used at trial or for impeachment purposes in order to be taxed against the non-prevailing party. *See Green v. City of St. Louis*, No. 4:05-CV-198 JCH, 2007 WL 4553967, at *1 (E.D. Mo. Dec. 19, 2007) (citation omitted) ("A deposition not used at trial can still be taxed so long as it was taken for use at trial and not merely for discovery purposes."). The deposition transcripts for which Cottrell seeks costs were necessarily obtained for use in this case. *See* 28 U.S.C. § 1920(2).

Certain costs which Cottrell seeks to tax, however, are not statutorily authorized. For multiple deposition transcripts, Cottrell includes delivery and handling in its calculation of costs. This Court will follow the precedent of courts in the Eighth Circuit which consistently deny prevailing parties' attempts to tax delivery and handling costs. *See Hoover v. Bayer Healthcare Pharms., Inc.*, No. 3:14-CV-05090-SRB, 2017 WL 2321146, at *2 (W.D. Mo. Mar. 27, 2017); *see also Smith*, 436 F.3d at 889 (Non-prevailing party "should not have been taxed for delivery costs for these depositions."). Cottrell's Bill of Costs also includes various charges for "Interest," presumably incurred due to a failure to timely pay the transcript bill. (Doc. 117-1 at 3, 11-12). Cottrell cannot pass its interest charges on to Plaintiffs. Finally, Cottrell may not recover for exhibit management because such costs are not specifically permitted under § 1920. *See Cramer v. Equifax Inf. Servs., LLC*, No. 4:18-CV-1078 SEP, 2020 WL 887996, at *4 (E.D. Mo. Feb. 24, 2020) (finding no court in this district has permitted taxing of exhibit management fees).

Excessive Costs

Plaintiffs contend that Cottrell obtained extremely unfavorable pricing from Veritext Legal Solutions for transcription and videography services. It appears, for example, that Cottrell paid as much as $8.50 per page for the deposition transcript of an expert witness, while

4

Plaintiffs' court reporters only charged $1.85 per page. (Doc. 122 at 6). Cottrell responds that whether it was overcharged for transcripts is irrelevant. (Doc. 123 at 2). This Court disagrees. Plaintiffs should not be taxed for Cottrell's failure to obtain reasonable pricing. *See Hemminghaus v. Missouri*, No. 4:11-CV-736 CDP, 2013 WL 10256095, at *2 (E.D. Mo. Apr. 10, 2013) (reducing per page deposition transcript costs); *McFarland v. McFarland*, No. C08-4047-MWB, 2011 WL 5554267, at *3 (N.D. Iowa Nov. 15, 2011) (reducing excessive copying costs); *see also Hoover*, 2017 WL 2321146, at *4 (citation omitted) ("[I]t is within the sound discretion of the trial court to grant, modify or deny requests for taxation of costs.").

Courts in this district have routinely found transcript fees in the range of $3.00 to $4.00 per page to be reasonable. *See, e.g.*, *Am. Guaranteed & Liab. Ins. Co. v. Fidelity & Guar. Co.*, No. 4:06-CV-655 RWS, 2010 WL 1935998, at *4 (E.D. Mo. May 10, 2010) (noting that $3.60 per page is less than government rate for non-expedited transcript); *Glastetter v. Sandoz Pharms. Corp.*, No. 1:97-CV-131 ERW, 2000 WL 34017154, at *4-6 (E.D. Mo. Oct. 3, 2000) (discussing average rate per page of $3.00 per page). In the two depositions at issue, Cottrell was charged $7.23 and $8.50 per page respectively. In its discretion, this Court will reduce these transcription fees by half because they are unreasonably high and Cottrell has offered no explanation for the above-market price.

Cottrell also paid $1,497.50 and $2,330 to videotape the depositions of Burdess and Dr. Gerald Micklow respectively. (Doc. 117-1 at 2, 11). Video deposition costs are generally compensable if necessarily obtained for use in the case. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897-98 (8th Cir. 2009). Plaintiffs argue, however, that similar services are available for only $300. (Doc. 122 at 1). The costs incurred by Cottrell appear to substantially exceed typical costs for deposition videos considered by courts in this district. *See, e.g., Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1090-92 (E.D. Mo. 2014) (considering

5

various video deposition costs in range of $546.25 to $605 per deposition); *MEMC Elec. Materials, Inc. v. Sunlight Grp., Inc.*, No. 4:08-CV-535 FRB, 2012 WL 918743, at *2 (E.D. Mo. Mar. 19, 2012) (considering $320 cost for video deposition); *Sportsman v. BNSF Ry. Co.*, No. 4:10-CV-513 TIA, 2011 WL 4528388, at *1 (E.D. Mo. Sept. 29, 2011) (considering $625.20 cost for video deposition); *Bazzi v. Tyco Healthcare Grp., LP*, No. 4:08-CV-2034 CEJ, 2010 WL 1948285, at *1 (E.D. Mo. May 14, 2010) (considering $810 cost for video deposition). Cottrell offers no explanation for the extremely high costs incurred for its video depositions. In its discretion, this Court will limit Cottrell to recovering half of its video deposition costs.

Plaintiffs' Alleged Indigence

Plaintiffs briefly claim that this Court should refuse to tax costs due to their indigence. (Doc. 122 at 1-2). In limiting Cottrell's costs, this Court has considered the relative financial status of the parties. *See Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (holding district court did not abuse discretion by considering plaintiff's limited financial resources); *Thull v. Techtronic Indus. Co., Ltd.*, No. 11-CV-2368 (PJS/LIB), 2015 WL 1021316, at *3 (D. Minn. Mar. 9, 2015) ("District courts within the Eighth Circuit have, in the past, considered the non-prevailing party's financial status when determining whether to tax costs."). Plaintiffs, however, have not provided sufficient information regarding their financial status to justify a finding of indigence or total denial of Cottrell's motion for costs. *See Cramer*, 2020 WL 887996, at *2 ("Without documentation substantiating Plaintiff's hardship, she has not overcome the presumption that costs should be taxed."); *Beckley v. St. Luke's Episcopal-Presbyterian Hosps.*, No. 4:17-CV-1369 RLW, 2019 WL 2437957, at *2 (E.D. Mo. June 11, 2019) ("Plaintiff provided no evidence she will suffer severe financial hardship if the Court awards costs to

6

Defendant."). Plaintiffs have not substantiated their supposed indigence with adequate supporting evidence.

## IV. CALCULATING COSTS

Cottrell seeks $9,041.75 in costs. (Doc. 117). Consistent with the above analysis, this Court will make the following reductions before taxing costs to Plaintiffs:

- *Delivery & Handling Costs (not compensable)*: $226
- *Interest (not compensable)*: $143.35[1]
- *Exhibits (not compensable)*: $511.30[2]
- *Excessive Veritext Transcript Fees (50% reduction)*: $1,628.75[3]
- *Excessive Videographer Fees (50% reduction)*: $1,913.75
- <u>Total Reduction</u>: $4,423.15

Subtracting the total reduction from Cottrell's Bill of Costs, this Court will tax Plaintiffs costs in the amount of $4,618.60.

## V. PLAINTIFFS' APPEAL

Plaintiffs briefly note that if their appeal is granted, Cottrell's Bill of Costs is moot. (Doc. 122 at 1). Presumably, Plaintiffs are requesting that this Court stay the taxation of costs pending results of the appeal. "No clear standard has developed to guide district courts in the exercise of their discretion in deciding whether or not to stay the taxation of costs pending appeal." *Maytag Corp. v. Electrolux Home Prods., Inc.*, No. C 04-4067 MWB, 2006 WL 8456956, at *2 (N.D. Iowa Dec. 11, 2006); *see also Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir.

---

[1] Cottrell does not appear to have included the interest charged for the Burdess deposition in its calculation.

[2] This calculation includes electronic transcript ("e-tran") fees.

[3] "Professional Attendance" fees are included in this calculation.

2011) (citation omitted) (Holding that because "costs are appealable separately from the merits," a court still has the power to award costs when an appeal on the merits is pending). Having considered the merits of Cottrell's Bill of Costs, this Court will direct the Clerk of Court to tax costs but will further order that execution of such costs shall be stayed pending resolution of Plaintiffs' appeal. *See Starr Indem. and Liab. Co. v. Cont'l Cement Co.*, No. 4:11-CV-809-JAR, 2013 WL 3154009, at *4 (E.D. Mo. Jun. 21, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell's Motion for Bill of Costs (Doc. 117) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Plaintiffs and in favor of Cottrell in the amount of $4,618.60.

**IT IS FINALLY ORDERED** that execution of this modified Bill of Costs shall be **STAYED** pending the outcome of Plaintiffs' appeal.

Dated this 25th day of March, 2022.

*[signature]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

8