**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GREGORY L. BURDESS and LISA BURDESS, ) ) ) Plaintiffs, ) ) v. ) ) COTTRELL, INC., ) ) Defendant. ) | Case No. 4:17-CV-01515-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion for summary judgment on grounds of judicial estoppel. For the reasons discussed below, the motion will be denied.

**I.    BACKGROUND**

Plaintiff Gregory Burdess worked as a car hauler for 25 years, loading cars on trailers and transporting them throughout the country. Defendant Cottrell designs and manufactures the trailer at issue in this case. To secure cars on a trailer, Burdess operated a chain and ratchet system on the trailer requiring him to reach overhead and pull down a tie bar using significant force. Trailers carry up to nine vehicles, each having four tie-down points. Burdess performed this forceful overhead pull-down motion repetitively throughout his employment.

In April 2013, at age 54, while traveling in Illinois on a job, Burdess woke up unable to move his arms, which had gone completely numb. He sought medical treatment and was diagnosed with bilateral rotator cuff impingement and bilateral carpal and cubital tunnel syndrome. Shortly thereafter, he filed a Missouri state workers' compensation claim describing the circumstances of his injuries as follows:

1

>Repetitive trauma to both shoulders and upper extremities resulting from duties as a car hauler, including but not limited to tightening and loosening chains using a ratchet bar winch mechanism, compressing the height of vehicles, climbing ladders, placing ramps, and all the other duties of a car hauler working for this employer.

(Doc. 135-1).  After conservative treatment proved ineffectual, Burdess underwent multiple surgeries to both upper extremities. Burdess's treating physicians acknowledged some degenerative changes but opined that his work was the prevailing factor in his injuries, with the overhead motion particularly affecting his shoulders.  The workers' compensation case was resolved in June 2017 through a settlement with Burdess's employer pursuant to which he received a lump sum of $148,270 for a partial disability of both upper extremities.  (Doc. 146-11).  As relevant here, the settlement specifically noted that the parties disputed medical causation.

In May 2017, Burdess and his wife filed the present personal injury lawsuit alleging that Cottrell's chain and ratchet system was the cause of his injuries.  Plaintiffs assert claims on theories of strict liability (*i.e.*, defective design) (Count I), negligence (Count II), breach of implied warranty (Count III), and loss of consortium (Count IV).  They also seek punitive damages for Cottrell's alleged disregard for safety in pursuit of profits (Count V).  In discovery, the parties revisited the treating doctors' opinions to refine the issue of whether Burdess's injuries were caused by Cottrell's ratchet system.  While the doctors generally agreed that Burdess's shoulder injuries could be attributed to his overhead tie-down work, they did not offer opinions regarding Cottrell's system specifically.[1]

Cottrell has filed three motions for summary judgment, including the present motion on the theory of judicial estoppel.  Cottrell asserts that Burdess should be estopped from claiming that

---

[1] The Court will address Cottrell's motions regarding Burdess's experts separately and describes their testimony here in the broadest terms and only for purposes of the present motion.

2

his injury was caused by its ratchet system because he previously claimed in the work comp case that the injury was caused by multiple job duties.

## II.     LEGAL STANDARDS

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must view facts in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The "circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," but several factors typically inform the decision. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). First, a party's later position must be "clearly inconsistent" with its earlier position. *Id*. at 750. Second, courts inquire whether the party has succeeded in persuading a court to accept that party's earlier position, such that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. *Id*. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations. *Id*. at 751. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party. *Id*. Additional considerations may be relevant in specific factual contexts. *Id*.

## III.  DISCUSSION

On the first factor, Cottrell asserts that Burdess's position in this case is inconsistent with his position in the work comp case because, here, he alleges that his injuries were caused by Cottrell's ratchet and chain system while, in his work comp case, he claimed that his injuries were caused by *all* of his duties as a car hauler.  The Court is not persuaded that these positions are clearly inconsistent so as to warrant judicial estoppel.  In the work comp case filed in June 2013, Burdess listed several job duties that together may have contributed to his injuries.  Doctors later cited his overhead work pulling on tie-down bars as the most likely cause of his shoulder impingements in particular.  The ratchet and chain work Plaintiff cites here is merely a narrower subset of the duties described in the work comp claim.  They are not "entirely inconsistent."

Second, Burdess did not "succeed in persuading" a Missouri administrative law judge to accept his position such that his subsequent position in this suit results in a perception that he either misled that tribunal or is attempting to mislead this one.  The work comp case was resolved through a settlement in which the parties' dispute over causation was specifically noted.  The ALJ did not adjudicate the question of causation at all, let alone in a way that could lead to an inconsistent determination here.

Third, the Court finds no unfair advantage to Burdess or prejudice to Cottrell by virtue of Burdess's position on causation in the two cases.  The work comp settlement provided partial relief from Burdess's employer for his job-related upper extremity injuries and resulting inability to work.  In that case, the treating physicians generally opined that Burdess's various conditions were attributable to the physical demands of his job.  If anything, the work comp record complicates the question of causation to Cottrell's advantage here.

Finally, Cottrell asserts that Burdess is "double-dipping" by collecting workers' compensation and also seeking damages in this case. This argument is unpersuasive. Burdess's work comp claim addressed the physical tolls of his labor vis-à-vis his employer, while the present case involves claims of defective design. Missouri law expressly contemplates these types of concurrent claims. *See* Mo. Rev. Stat. § 287.150 (providing for employer subrogation and apportionment with respect to an employee's recovery from a third-party tortfeasor); *Henderson v. Black & Decker (U.S.) Inc.*, 2021 WL 1546139 (E.D. Mo. Apr. 20, 2021) (where the plaintiff employee received workers' compensation and also sued the tool manufacturer).

Applying the *New Hampshire* factors to the present record, the Court finds that judicial estoppel is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell's motion for summary judgment on grounds of judicial estoppel is **DENIED**.  (Doc. 135).

Dated this 22nd day of May, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE