UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY L. BURDESS and<br>LISA BURDESS,<br><br>    Plaintiffs,<br><br>v.<br><br>COTTRELL, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:17-CV-01515-JAR<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cottrell's Motion for Daubert Hearing to Bar Dr. Gonzalez. ECF No. 176. Cottrell's motion will be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff Gregory Burdess worked as a car hauler for 25 years, loading cars on trailers and transporting them throughout the country. Defendant Cottrell designs and manufactures the trailer at issue in this case. To secure cars on a trailer, Burdess operated a chain and ratchet system on the trailer requiring him to reach overhead and pull down a tie bar using significant force. Burdess performed this overhead pull-down motion repetitively throughout his employment.

In April 2013, at age 54, while traveling in Illinois on a job, Burdess woke up unable to move his arms due to numbness. He sought medical treatment and was diagnosed with bilateral rotator cuff impingement and bilateral carpal and cubital tunnel syndrome. In May 2017, Burdess and his wife filed the present personal injury lawsuit alleging that Cottrell's chain and ratchet system was the cause of his injuries. Plaintiffs assert claims on theories of strict liability (*i.e.*, defective design) (Count I), negligence (Count II), breach of implied warranty (Count III),

and loss of consortium (Count IV). They also seek punitive damages for Cottrell's alleged disregard for safety in pursuit of profits (Count V).

Plaintiffs retained Dr. Ildefonso Gonzalez to opine on the hazards of the chain and ratchet system and feasible design alternatives. Dr. Gonzalez produced an expert report on November 1, 2019. ECF No. 143-1. In it, Dr. Gonzalez discusses a number of studies evaluating the safety of the chain and ratchet system. These studies indicated, among other things, that the forces involved in using the system can exceed recommended maximum force guidelines,[1] that injuries related to the tie down process accounted for a significant portion of injuries among car haulers,[2] and that other designs existed that would substantially reduce user injuries.[3] Dr. Gonzalez also explained that Cottrell personnel attended at least one meeting discussing these reports and safety issues, that at least one report focused specifically on safety concerns with Cottrell trailers, and that Cottrell still failed to share information on the dangers of the ratchet and chain system with customers and drivers. At the conclusion of his report, Gonzalez opined:

   a) The Cottrell ratchets require excessive force levels when used in their real-world conditions and are commonly used to compress vehicle suspension to get the loads down to legal height.
   b) The Cottrell ratchets are defective in design due to the high force levels the drivers typically and foreseeably use to tie down vehicles.

---

[1] ECF No. 143-1 at 5 ("Anchor Motor Freight/Carr Reports," indicating that the average exertion of force was determined to be 219 pounds and that "the upper limit on the maximum force recommended for sound ergonomic design is 120lbf for vertical pulling"); *Id.* at 3 ("GM Haulaway Meeting Minutes," stating, "as the current tie-down methods not only require drivers to exert high levels of force, but also in precarious positions, it is strongly suggested that improvements/changes to the tie-down process be considered."); *Id.* at 4 ("1999 Laurie Wolf Report," stating, "This force can exceed recommended maximum force guidelines for the large majority of potential workers that may perform this type work.").

[2] *Id.* at 3 ("GM Haulaway Meeting Notes", stating that "tying-down and loosening of chains are related to 39.5% of the injuries" reviewed); *Id.* at 4 ("Miller Report," reviewing injury reports from National Automobile Transporters Association members, and concluding that "50% of the injuries from the respondents, totaling, 1,184 incidents, involved tightening or loosening of chains.")

[3] *Id.* at 6 ("Irvine Report," discussing hydraulic system); *Id.* at 5 ("Leaseway Report," claiming that alternative designs "would reduce tie down injuries by 90%.")

    c) Cottrell was negligent by failing to supply adequate warnings.

    d) Cottrell was negligent by failing to observe and consider real world use of its trailers.

    e) Cottrell was outrageous, willful and beyond mere negligence by failing to consider the above data, by failing to share the above data and by its continued use of the ratchet at issue.

    f) The injury records Cottrell has from other cases includes hundreds of records of injuries substantially similar to Mr. Burdess's injuries. The records further show a clear pattern of dangerously high force levels typically used by drivers like Mr. Burdess.

    g) The defective design of Cottrell's ratchet system caused the resulted in the need to use the excessive force that caused the injuries to Mr. Burdess.

ECF No. 143-1 at 9.

Cottrell has repeatedly moved to exclude Dr. Gonzalez's testimony in this case. First, on February 4, 2021, Cottrell moved to exclude Dr. Gonzalez's testimony because he failed to appear for deposition and to supplement his November 1, 2019, Report. ECF No. 74. Cottrell also claimed that his testimony was irrelevant because he did not establish that Burdess's injuries were caused by Cottrell's chain and ratchet system. And it claimed that his conclusions were unreliable because he did not evaluate case specific facts.

The Court denied Cottrell's motion as moot because it found that Plaintiffs' claims were time-barred and Cottrell was entitled to summary judgment. ECF No. 115. After the Eighth Circuit reversed the Court's decision, Cottrell refiled its motion, reasserting the same grounds for excluding Dr. Gonzalez's testimony. ECF No. 143. The Court again denied Cottrell's motion, but this time it ordered Plaintiffs to produce Dr. Gonzalez for deposition, and it explained that Cottrell may renew its challenge to Gonzalez's testimony on a complete record. ECF No. 169.

On July 31, 2023, Cottrell deposed Dr. Gonzalez, and on February 9, 2024, Cottrell filed the present motion to exclude Dr. Gonzalez's testimony. It again claims that Dr. Gonzalez's testimony must be excluded because: (1) he never supplemented his report as required by Federal

3

Rule of Civil Procedure 26(e), and (2) his testimony is irrelevant and unreliable under Federal Rule of Evidence 702.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 26(e)

Cottrell first argues that Dr. Gonzalez's testimony must be excluded because he failed to supplement his report as required by Federal Rule of Civil Procedure 26. That rule requires parties to inform the opposing party of any changes or alterations to their experts' reports or deposition testimony. Fed. R. Civ. P. 26(e). If a party fails to do so, the Court may impose appropriate sanctions, including the exclusion of the undisclosed information or the witness's testimony. Fed. R. Civ. P. 37(c)(1).

Cottrell argues that Plaintiffs and Dr. Gonzalez failed to comply with their duties because Dr. Gonzalez "blindsided" and "ambushed" Cottrell at his deposition with additional materials he considered after he produced his expert report. ECF No. 176 at 1, 8. Specifically, he stated that he reviewed deposition testimony, YouTube videos addressing the correctness of the three-point stand, additional ratchet patents, and a ratchet mechanism designed by Cottrell. Cottrell argues that plaintiffs should have supplemented Dr. Gonzalez's report with this new information:

> "Despite Cottrell including Dr. Gonzalez's lack of supplementation in its original motion to bar him (Doc. 143), and despite the Court giving them a reprieve to present him for deposition, ***plaintiffs STILL never supplemented*** before his July 31, 2023 deposition. Instead, he and plaintiffs, in total derogation of Rule 26, showed up and blindsided Cottrell with new bases and information."

ECF No. 176 at 1 (emphases original). Because Plaintiffs failed to do so, Cottrell reasons that Dr. Gonzalez should be barred from providing any testimony in this case.

Cottrell's argument is unavailing. While Rule 26(e) requires a party proffering expert testimony to supplement incomplete or incorrect information in the expert's reports or

4

deposition, it does not require an expert to modify his opinions or the bases for his opinions. Here, Cottrell does not demonstrate that any of the materials that Dr. Gonzalez "ambushed" or "blindsided" it with altered his opinions or furnished additional bases for his opinions. Dr. Gonzalez merely stated that he reviewed those materials since he provided his November 1, 2019, Report. Cottrell did not ask how those materials affected his opinions, and it does not now explain how they do so. Even if the materials discussed by Dr. Gonzalez at deposition furnished new bases for his opinions, Cottrell does not explain why exclusion of all of his testimony, rather than testimony relating to the new bases for his opinions, is an appropriate sanction.

The Court will accordingly deny Cottrell's motion to exclude Dr. Gonzalez's testimony on this basis. The Court reminds Plaintiffs, however, that Rule 26 requires an expert to provide a complete statement of his opinions and the bases for them. Thus, Dr. Gonzalez may not testify to opinions or bases for his opinions that are not contained in his November 1, 2019, Report.

### B.  Federal Rule of Evidence 702

Cottrell next argues that Dr. Gonzalez's testimony must be excluded under Federal Rule of Evidence 702. That rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The rule was amended in 2000 in response to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), which charged trial judges with a "gatekeeping" role to screen expert testimony

5

for relevance and reliability. *Id.* at 590–93; *see also Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). In order to carry out this gatekeeping role, the Court applies a three-part test to screen expert testimony. First, the testimony must be relevant, that is, it "must be useful to the finder of fact in deciding the ultimate issue of fact[.]" *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021) (citing *Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 561 (8th Cir. 2014)). "Second, the expert must be qualified to assist the finder of fact." *Id.* "Third, the testimony must be reliable or trustworthy in an evidentiary sense." *Id.*

Cottrell challenges Dr. Gonzalez's testimony under the first and third prongs—relevance and reliability. It argues his opinions are irrelevant because they do not establish that Burdess's injuries were the direct result of a defect in Cottrell's chain and ratchet system. And it argues that his opinions are unreliable because "[h]e failed to conduct any meaningful factual analysis and has otherwise just regurgitated a bunch of old documents on different systems unrelated to this case." ECF No. 176 at 10.

Cottrell's first argument is without merit. Cottrell appears to assume that the only relevant topic for expert testimony is specific medical causation. But the relevance requirement is "satisfied where expert testimony advances the trier of fact's understanding to any degree." *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023) (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)). One of the critical issues in this case is whether Cottrell's chain and ratchet system was defectively designed. Dr. Gonzalez's report directly addresses the adequacy of the chain and ratchet design by discussing industry reports noting: (1) the chain and ratchet system led to excessive exertions of force, (2) injuries while using the chain and rachet system accounted for a significant number of injuries among carhaulers, and (3)

6

alternative designs and systems would reduce injuries.  Dr. Gonzalez's "regurgitat[ion]" of these "old documents" is precisely why his testimony is relevant.

The Court agrees that some of Dr. Gonzalez's opinions are unreliable, but not for the reasons identified by Cottrell.  Cottrell cursorily faults Dr. Gonzalez for failing to incorporate "event specific facts into his opinions."  ECF No. 176 at 10.  But Dr. Gonzalez opines that all chain and ratchet systems have the same defective design, and his opinions are informed by numerous industry reports and studies.  His opinion is reliable in this respect, and the Court notes that it denied in part Cottrell's motion to exclude Dr. Micklow's testimony for the same reason.  ECF No. 164 at 8 (Dr. Micklow "opines that all ratchet systems have the same defective design requiring excessive force levels. . . . His opinions are informed by industry and workplace literature, patent documents, reports and studies by other experts, hauler interviews and observations, injury data, and his own research and testing.").

Dr. Gonzalez does stray outside his area of expertise and offers several unreliable conclusions though.  First, by opining that Cottrell was "negligent" and "outrageous, willful and beyond mere negligence," Dr. Gonzalez proffers legal conclusions.  ECF No. 143-1 at 9.  While expert testimony may embrace "an ultimate issue to be decided by the trier of fact," the Court may exclude expert opinions "couched in legal conclusions" that supply "the fact finder with no information other than what the witness believes the verdict should be."  *Williams v. Wal-Mart Stores, Inc.*, 922 F.2d 1357, 1360 (8th Cir. 1990).  The Court finds that Dr. Gonzalez's opinions with respect to Cottrell's degree of culpability are such conclusions.  Second, Dr. Gonzalez opines on the medical cause of Burdess's injuries when he states, "[t]he defective design of Cottrell's ratchet system caused the resulted in the need to use the excessive force that caused the injuries to Mr. Burdess."  ECF No. 143-1 at 9.  In the Court's estimation, such a conclusion

7

requires medical expertise. *Id.* at 7. The Court will accordingly limit Dr. Gonzalez's conclusions to the extent he opines on whether Cottrell was negligent or "outrageous, willful and beyond mere negligence" and on the cause of Burdess's injuries.

### C. Federal Rule of Evidence 403

In passing, Cottrell notes that Dr. Gonzalez's testimony is cumulative of Dr. Micklow's testimony. ECF No. 176 at 5 (referring to Dr. Micklow as a cumulative engineering expert); *Id.* at 10 ("The Court should accordingly bar Dr. Gonzalez for all these reasons, including it is cumulative to Dr. Micklow."). And the Court agrees that Dr. Micklow's and Dr. Gonzalez's expert reports do appear to overlap significantly. Federal Rule of Evidence 403 allows the Court to exclude duplicative or cumulative testimony. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: . . . needlessly presenting cumulative evidence."). But without any argument to exclude Dr. Gonzalez's testimony on this basis, and without input from Plaintiffs on how the testimony from Dr. Micklow and Dr. Gonzalez will differ, the Court will decline to exclude either expert's testimony at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Cottrell's Motion to Bar Dr. Gonzalez, ECF No. 176, is **GRANTED** in part and **DENIED** in part, as stated herein.

Dated this 29th day of February 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE